IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shanda Mathis, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00050 |
| v. | : | Judge Watson |
| Teleperformance USA and Janice Kulp, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Shanda Mathis brings this action under Title VII, the Pregnancy Discrimination Act, FMLA and the Civil Rights Act of 1964 alleging that defendants discriminated against her because she was pregnant. This matter is before the Magistrate Judge for a report and recommendation on initial screening. Plaintiff Shanda Mathis's motion to proceed without prepayment of fees and costs is GRANTED.

The complaint is not on the form complaint available on the Court's website.[1] It does not state that plaintiff has filed a charge of discrimination with the Equal Employment Opportunities Commission and/or the Ohio Civil Rights Commission. In order to bring suit under Title VII, a plaintiff must first exhaust his administrative remedies. 42 U.S.C. §2000e-5(e)(1). To maintain an action under 42 U.S.C. § 2000e-5, a plaintiff must timely file a charge with the EEOC, receive a right-to-sue letter and file an action within ninety days of receipt of such letter. 42 U.S.C. §2000e-5(f)(1); *Truitt v. County of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998).

---

[1] http://www.ohsd.uscourts.gov/forms.htm

Within thirty (30) days of the date of this Order, plaintiff Mathis is **ORDERED** to file the charge of discrimination she filed with the Equal Employment Opportunities Commission and/or the Ohio Civil Rights Commission and the right-to-sue letter issued by the EEOC or other evidence demonstrating that she has filed a charge of discrimination and exhausted her administrative remedies.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                                    s/Mark R. Abel
                                                                    United States Magistrate Judge